UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ROBERT BROWN,

                      Petitioner,

    -against-                                          9:14-CV-00938 (LEK/CFH)

CHRISTOPHER MILLER,

                      Respondent.

## DECISION AND ORDER

**I.    INTRODUCTION**

This matter comes before the Court following a Report-Recommendation filed on June 1, 2016, by the Honorable Christian F. Hummel, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 37 ("Report-Recommendation"). Pro se Petitioner Robert Brown timely filed Objections. Dkt. No. 41 ("Objections").

**II.    LEGAL STANDARD**

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-0857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07, 306 n.2 (N.D.N.Y. 2008); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and

clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Otherwise, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

## III. DISCUSSION

Petitioner objects to the Report-Recommendation on the grounds that: (1) Petitioner properly preserved his challenge to the sufficiency of the trial evidence; (2) the prosecution failed to present sufficient evidence at trial to establish the elements of sexual abuse in the first degree, the crime of which he was convicted; (3) Petitioner properly preserved his claim of ineffective assistance of counsel regarding his counsel's failure to file a timely notice of appeal; (4) Petitioner's habeas petition is not a mixed petition; (5) prosecutorial misconduct at trial deprived Petitioner of the right to a fair trial; (6) the trial court's evidentiary errors denied Petitioner a fair trial; (7) Petitioner's sentence is harsh and severe; (8) the indictment by which Petitioner was charged lacked specificity; (9) the trial court lacked subject matter jurisdiction over Petitioner's case; and (10) the indictment contained duplicitous counts insofar as it charged him with sexual abuse in the first degree and rape in the first degree. Objs.

At the outset, the Court notes that Petitioner's second, fifth, sixth, seventh, eighth, ninth, and tenth objections merely reiterate arguments made to the magistrate judge. Thus, the Court will review the Report-Recommendation's treatment of these objections for clear error. Barnes, 2013 WL 1121353, at *1.

Petitioner's first objection is that his trial counsel properly preserved his challenge to the legal sufficiency of the evidence by "specifically argu[ing] [at the close of trial] that no elements of any crime were established." Objs. at 5. This objection misses the point of Judge Hummel's discussion of this issue, which is that Petitioner's claim about the insufficiency of the trial evidence is procedurally barred under the "independent and adequate state ground" doctrine. Rep.-Rec. at 15. That doctrine forbids federal district courts from reviewing the habeas claims of state prisoners when those claims were rejected by state courts on state-law grounds that are independent of federal law and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 729 (1991). New York's preservation rule, which forbids direct appellate review of issues not preserved at trial, has consistently been held to be an independent and adequate state-law ground. Richardson v. Greene, 497 F.3d 212, 219 (2d Cir. 2007). To ask this Court to review the reasoning behind the Appellate Division's determination that Petitioner's claim is procedurally barred is to ask it to do what is expressly forbidden by the "independent and adequate state ground" rule—namely, "offer state prisoners whose custody was supported by independent and adequate state grounds an end run around the limits of this Court's jurisdiction and a means to undermine the State's interest in enforcing its laws." Coleman, 501 U.S. at 730–31. Further, Petitioner has failed to demonstrate cause for the default or prejudice that would result from the Court's refusal to review this claim, and there is no indication that a fundamental miscarriage of justice would ensue from lack of federal habeas review. See id. at 750.

Petitioner's second objection is that Judge Hummel erred in finding that the evidence at trial was in fact sufficient to support the conviction. Objs. at 6–8. For the reasons just discussed,

3

this claim is procedurally defaulted, and in any event, the Court finds no clear error in Judge Hummel's discussion of the merits of the claim. Rep.-Rec. at 22–24.

Petitioner's third objection, that he did not procedurally default on his claim of ineffective assistance of counsel relating to his attorney's filing a late notice of appeal, Objs. at 9, is without merit. As Judge Hummel noted, Petitioner failed to raise this claim at the state court level, and did not "argue cause and prejudice for his failure to raise [it earlier]." Rep.-Rec. at 20. That renders the claim procedurally barred. Aparicio v. Artuz, 269 F.3d 78, 89–90 (2d. Cir. 2001). It is irrelevant to this determination that, as Petitioner points out, he was granted leave to file a late notice of appeal. Objs. at 9. This does not show that Petitioner properly raised his claim regarding ineffective assistance of counsel at the state level, and nowhere in his Objections does he suggest that he did so.

Petitioner's fourth objection attacks the Report-Recommendation's conclusion that his Petition is "mixed," which means that it contains both exhausted and unexhausted claims. Id. Specifically, Petitioner argues that all of his claims should be considered exhausted. Id. This argument is unavailing because several of Petitioner's claims are clearly unexhausted. For example, the Court just discussed Petitioner's ineffective assistance claim regarding the late notice of appeal. This claim was never raised at the state court level, Rep.-Rec. at 20, and therefore Petitioner failed to exhaust his state court remedies in regard to it, see Reyes v. Keane, 118 F.3d 136, 139–40 (2d Cir. 1997). On the other hand, some of Petitioner's claims, including his objection to the admission of a hearsay statement at trial, are exhausted because he properly raised them at the state court level. Rep.-Rec. at 21. Therefore, Judge Hummel was correct to characterize Petitioner's Petition as mixed.

4

Petitioner's fifth and sixth objections, which challenge the Report-Recommendation's finding that the prosecutorial misconduct and evidentiary errors at issue did not render the trial fundamentally unfair, Objs. at 10–11, are reviewed for clear error because they were raised in Petitioner's Petition. The Court finds no clear error in Judge Hummel's thoughtful and well-reasoned discussion of these issues. Rep.-Rec. at 24–29, 31–35.

Petitioner's seventh objection is that his sentence was based in part on "facts and evidence that [he] was acquitted of." Objs. at 11. In particular, Petitioner claims that the sentencing court took into consideration the evidence underlying the rape and assault charges of which he was acquitted. Id. As discussed above, Petitioner made this argument in his Petition. Dkt. No. 1 ("Petition") at 16. The Court notes that Judge Hummel failed to address this argument in his Report-Recommendation, focusing instead on the disparity between the four-year sentence in the plea deal rejected by Petitioner and the five-year sentence received by Petitioner after being found guilty of sexual abuse in the first degree. Rep.-Rec. at 35–36. In any event, having reviewed the relevant portions of the trial transcript, the Court sees no evidence that the trial court explicitly relied on the rape and assault charges in determining its sentence. See Dkt. No. 14-5 ("Trial Transcript Part Three") at 260–61. Moreover, even if the trial court had done so, it was not foreclosed from considering the conduct underlying the rape and assault charges so long as they were proven by a preponderance of the evidence. See United States v. Pica, 692 F.3d 79, 88 (2d Cir. 2012) ("A district court may treat acquitted conduct as relevant conduct at sentencing, provided that it finds by a preponderance of the evidence that the defendant committed the

conduct."). Petitioner fails to demonstrate that the trial court could not find these charges to be proven by a preponderance of the evidence.[1]

Petitioner's eighth objection is that Judge Hummel erred in rejecting the contention that indictment lacked specificity. Objs. at 12. As noted above, the very same argument was raised in Petitioner's Petition, Pet. at 17, and the Court finds no clear error in Judge Hummel's conclusions that the claim is not cognizable on habeas review, that the claim is procedurally defaulted, and that in any event the claim lacks merit, Rep.-Rec. at 38.

Petitioner's ninth and tenth objections challenge the Report-Recommendation's finding that the trial court in fact had subject matter jurisdiction over the case and that the indictment was not duplicitous. Objs. at 13–15. Since these same arguments were raised in the Petition, Pet. at 16–17, the Court reviews Judge Hummel's disposition of them for clear error and can find none, Rep.-Rec. at 36–39.[2]

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 37) is **APPROVED and ADOPTED in its entirety**; and it is further

---

[1] To the extent that Petitioner argues that the trial court ran afoul of Apprendi v. New Jersey., 530 U.S. 466 (2000) in its sentencing decision, the Court notes that Apprendi does not apply to situations such as the present case in which the sentence is within the statutory maximum. See White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992).

[2] Petitioner appears to argue that his conviction for sexual abuse in the first degree amounted to double jeopardy in violation of the Fifth Amendment. Objs. at 16. This argument is frivolous given that Petitioner has been tried only once in connection with the incident that gave rise to this case.

**ORDERED**, that Petitioner's Petition for a Writ of Habeas Corpus (Dkt. No. 1) is **DENIED**; and it is further

**ORDERED**, that no certificate of appealability will be issued with respect to any of Petitioner's claims, because Petitioner has failed to make a "substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2); and it is further

**ORDERED**, that in forma pauperis status is denied for the purpose of an appeal under 28 U.S.C. § 1915(a)(3) because any appeal from this Decision and Order would not be taken in good faith; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: October 17, 2016
Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge